IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-26-0271 |
| .022 ACRES MORE OR LESS OF LAND ON AND BELOW A HORIZONTAL SUBTERRANEAN PLANE LOCATED BELOW 2415 DRUID HILL AVENUE IN BALTIMORE CITY, MARYLAND 21217, et al., | * * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff National Railroad Passenger Corporation, also known as Amtrak, filed a Complaint for Condemnation and Request for Possession. (ECF No. 1.) Currently pending before the Court is Amtrak's Motion to Deposit Estimate of Just Compensation. (ECF No. 10.) The Court will grant the Motion and direct Amtrak to file a status report.

## I.  *Background*

In its Complaint, Amtrak explains that:

> pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1, [it] files this Complaint for Condemnation to acquire, in fee, subterranean land interests on and below a subterranean horizontal plane, as further set forth below, with the subterranean elevation referenced to the North American Vertical Datum of 1988 (NAVD 88), and extending to an unlimited depth (hereinafter, collectively, the "Subject Property Interests"). The Subject Property Interests being acquired do not include the surface improvements (if any), the land above the subterranean horizontal plane as described in more detail hereinafter, or any ground rent interest to the surface improvements (if any) or to the land above the subterranean horizontal plane. The Subject Property Interests are below the following addresses: (1) 2415 Druid Hill Avenue, Baltimore

1

City, Maryland 21217 (the "First Subject Property Interest"); (2) 2416 Druid Hill Avenue, Baltimore City, Maryland 21217 (the "Second Subject Property Interest"); (3) 2437 Woodbrook Avenue, Baltimore City, Maryland 21217 (the "Third Subject Property Interest"); and (4) 2411 Francis Street, Baltimore City, Maryland 21217 (the "Fourth Subject Property Interest").

(ECF No. 1 at 10.) Amtrak explains that it "seeks to acquire subterranean real estate rights, required for the construction and operation of the tunnel tubes themselves" and that it "will acquire subterranean property rights from a level below a defined plane or elevation above sea level, to the core of the earth for each individual parcel." (*Id.* ¶ 6.) For all Subject Property Interests, "[t]his subterranean interest . . . is being acquired in fee, with Amtrak holding the entirety of the subterranean fee simple interest on and below the defined plane but does not include any surface improvements. This also does not include the land from the surface to the defined plane." (*Id.* ¶ 8.) Amtrak explains that "[t]he acquisition of the subterranean rights and subsequent construction and operation of the tunnel will not affect the property owners['] surface level rights or the use thereof because operational noise and vibration control measures, as well as noise attenuation measures are anticipated." (*Id.* ¶ 7.)

Amtrak explains that it "must acquire the Subject Property Interests for the Baltimore and Potomac [] Tunnel Replacement Program." (*Id.* ¶ 2.)

In its Complaint, Amtrak describes the Subject Property Interests and the Defendants that may have an interest in the Subject Property Interests. (*Id.* ¶¶ 9–12, 14–31.) Amtrak details its unsuccessful efforts to obtain the Subject Property Interests by contract with the owners or others that have an interest in the Subject Property Interests. (*Id.* ¶¶ 44–47 (First Subject Property Interest); *id.* ¶¶ 49–52 (Second Subject Property Interest); *id.* ¶¶ 55–57 (Third Subject Property Interest); *id.* ¶¶ 61–63 (Fourth Subject Property Interest).) Amtrak also explains that it "obtained from a certified independent real estate appraiser a valuation of the estimated just compensation"

2

for each Subject Property Interest. (*Id.* ¶¶ 43, 48, 54, 60.) The estimated just compensation is: $1,800.00 for the First Subject Property Interest (*id.* ¶ 43); $2,000.00 for the Second Subject Property Interest (*id.* ¶ 48); $1,850.00 for the Third Subject Property Interest (*id.* ¶ 54); and $2,050.00 for the Fourth Subject Property Interest (*id.* ¶ 60).

Amtrak explains that it "needs the Subject Property Interests so that improvements can be made without delay." (*Id.* ¶ 40.) It seeks, *inter alia*, (1) "immediate possession of the Subject Property Interests to comply with strict tunnel construction schedules" and (2) "that the Court determine the time and terms under which possession of the Subject Property Interests will be given to Amtrak." (*Id.* ¶¶ 66–67.)

In addition to the Complaint, Amtrak filed Notices of Condemnation (ECF Nos. 2–5); Declarations of Taking (ECF No. 6–9); and the pending Motion to Deposit Estimate of Just Compensation (ECF No. 10).

## II.   *49 U.S.C. § 24311*

Pursuant to 49 U.S.C. § 24311(a), "Amtrak may acquire by eminent domain . . . interests in property" that are "necessary for intercity rail passenger transportation[.]" It "may exercise the power of eminent domain only if it cannot (A) acquire the interest in the property by contract; or (B) agree with the owner on the purchase price for the interest." *Id.* The Fourth Circuit has explained that there are two methods of exercising the power of eminent domain: "straight condemnation" (where just compensation and final judgment are determined prior to the condemnor's possession) and "quick take" (where the condemnor may take possession at the beginning of the case). *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004). 49 U.S.C. § 24311 is a quick take statute.

Title to a property vests in Amtrak by operation of law once two steps are accomplished: (1) Amtrak files a declaration as required by § 24311(b)(1) and (2) Amtrak makes a deposit of an amount of money estimated to be just compensation. *See* 49 U.S.C. § 24311(b)(1) ("An interest is condemned and taken by Amtrak for its use when a declaration of taking is filed under this subsection and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court."); *id.* § 24311(b)(2) ("When the declaration is filed and the deposit is made under paragraph (1) of this subsection, title to the property vests in Amtrak in fee simple absolute or in the lesser interest shown in the declaration, and the right to the money vests in the person entitled to the money."). Next, "the court may decide (A) the time by which, and the terms under which, possession of the property is given to Amtrak; and (B) the disposition of outstanding charges related to the property." *Id.* § 24311(b)(2). "After a hearing, the court shall make a finding on the amount that is just compensation for the interest in the property and enter judgment awarding that amount and interest on it." *Id.* § 24311(b)(3).

### III. *Analysis*

In its Motion to Deposit Estimate of Just Compensation, Amtrak seeks to deposit specified amounts—each amount estimated by Amtrak to be just compensation—for each Subject Property Interest, for a total of $7,700.00. (*See generally* ECF No. 10.) This is the proper procedure. *See* Fed. R. Civ. P. 71.1(j)(1) (providing that, in a condemnation action, "[t]he plaintiff must deposit with the court any money required by law as a condition to the exercise of eminent domain and may make a deposit when allowed by statute"); 49 U.S.C. § 24311(b)(1) (providing that "an interest is condemned and taken by Amtrak for its use when a declaration of taking is filed . . . and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court"). Accordingly, Amtrak's Motion will be granted.

4

Because Amtrak has filed the declarations required by 49 U.S.C. § 24311(b)(1), once it makes a deposit of the amount of money it has estimated to be just compensation, title to the Subject Property Interests will vest in Amtrak. *Id.* § 24311(b)(2).

While the Court appreciates that Amtrak seeks immediate possession of the Subject Property Interests, the Court does not at this time set "the time by which, and the terms under which, possession of the property is given to Amtrak" or "the disposition of outstanding charges related to the property." *See* 49 U.S.C. § 24311(b)(2). The Court plans to follow the course it has taken in related condemnation cases (JKB-23-2158, JKB-24-0046, JKB-24-0408, JKB-24-0440, JKB-24-0475, JKB-24-0567, JKB-24-0853, JKB-24-1358, JKB-25-0176, JKB-25-0316, JKB-25-0419) and expects to entertain any motions for possession of Subject Property Interests only after service has been accomplished pursuant to Federal Rule of Civil Procedure 71.1(d)(3). The Fourth Circuit has advised that "the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay." *E. Tenn. Nat. Gas Co.*, 361 F.3d at 825. While the Court expects to grant possession of the property to Amtrak after it has effected service upon the Defendants, the Court is unable to assess hardship to the Defendants if they have not first been served and provided an opportunity to answer.

## IV.  Conclusion

For the foregoing reasons, it is ORDERED that:

1. Amtrak's Motion to Deposit Estimate of Just Compensation (ECF No. 10) is GRANTED.

2. The Clerk SHALL ACCEPT the deposit tendered by Amtrak in the amount of $7,700.00.

3. The Clerk SHALL DEPOSIT these funds into an interest-bearing account under the terms and conditions set forth in Federal Rule of Civil Procedure 67 and this Court's Standing Order of January 25, 2017.

4. Amtrak is DIRECTED to effect service upon all Defendants in accordance with Federal Rule of Civil Procedure 71.1.

5. Amtrak SHALL FILE a status report when service is effected upon all Defendants. To the extent service is not effected by March 31, 2026, Amtrak SHALL FILE a status report by that date detailing the status of service to the Defendants.

DATED this 29 day of January, 2026.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge