IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER           *
CORPORATION (AMTRAK),
                                      *
    Plaintiff,
                                      *
    v.                                              CIVIL NO. JKB-26-0271
                                      *
.022 ACRES MORE OR LESS OF LAND
ON AND BELOW A HORIZONTAL             *
SUBTERRANEAN PLANE LOCATED
BELOW 2415 DRUID HILL AVENUE, et      *
al.,
                                      *
    Defendants.
                                      *

  *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

Currently pending before the Court is National Railroad Passenger Corporation's ("Amtrak's") Motion for Summary Judgment and for Other Relief. (ECF No. 37.) The Court will rule on this Motion after the requisite just compensation hearing. The Court will set in the just compensation hearing, as well as a deadline by which all disbursement motions must be filed.

### I.  Factual and Procedural Background

Amtrak filed a Complaint for Condemnation and Request for Possession pursuant to 49 U.S.C. § 24311 to acquire all interests by eminent domain of subterranean land located below the following properties in Baltimore, Maryland: (1) 2415 Druid Hill Avenue; (2) 2416 Druid Hill Avenue; (3) 2437 Woodbrook Avenue; and (4) 2411 Francis Street. (ECF No. 1.) The Court granted Amtrak's Motion to Deposit Estimate of Just Compensation, and Amtrak deposited funds totaling $7,700 with the Court. (ECF No. 14, 15.) As result, title in the subject properties vested

in Amtrak. (*See id.*)  After Amtrak served all Defendants,[1] the Court granted Amtrak's Motion for Immediate Possession.  (*See* ECF No. 38.)

The Mayor and City Council of Baltimore City (the "City") has entered an appearance and filed an Answer.  (ECF No. 26.)  The City does not contest Amtrak's condemnation authority and "reserve[d] the right to participate in any future trial on the issue of compensation, to present evidence on the amount of compensation to be paid, and to share in the ultimate award."  (*Id.*)  No party has contested Amtrak's authority to condemn the properties, or has filed any opposition to the pending Motion for Summary Judgment.

## II.    *Motion for Summary Judgment*

Amtrak has filed a Motion for Summary Judgment and for Other Relief, in which it seeks for the Court to determine the just compensation for the properties.  (ECF No. 37.)

### A. Hearing

The issues of just compensation relating to the subject properties may be determined by summary judgment.  *See, e.g., Mountain Valley Pipeline, LLC v. 0.15 Acres of Land by Hale*, Civ. No. 19-00181, 2020 WL 365506, at *4 (W.D. Va. Jan. 22, 2020), *aff'd*, 827 F. App'x 346 (4th Cir. 2020) (explaining that "Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment" and that "[s]ummary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken").  Further, under 49 U.S.C. § 24311(b)(3), "[a]fter a hearing, the court shall make a finding on the amount that is just compensation for the interest in the property and enter judgment awarding that amount and

---

[1] The Court notes that Amtrak has properly served all Defendants in this case.  (*See* ECF No. 34 (Status Report detailing status upon all Defendants).)

2

interest on it." In addition, under 49 U.S.C. § 24311(b)(2)(B), "the court may decide . . . the disposition of outstanding charges related to the property."

The Court will therefore set in a hearing to occur on July 9, 2026 at 10:00 a.m.[2] After such hearing, the Court will make findings related to just compensation and will rule on Amtrak's Motion for Summary Judgment and for Other Relief.

### B. Notice

In the interest of ensuring that all parties may be adequately heard in this matter, the Court will direct Amtrak to provide notice to all non-appearing Defendants of its Motion for Summary Judgment and of this Memorandum and Order in the same manner that it provided such notice in related cases.

### III.   Motions for Disbursement

49 U.S.C. § 24311(b)(4) provides that "[o]n application of a party, the court may order immediate payment of any part of the amount deposited in the court for the compensation to be awarded." Further, Federal Rule of Civil Procedure 71.1(c)(4) provides that notice must be served on all defendants, no matter when such defendants were added to the action, and that "[t]he court, meanwhile, may order any distribution of a deposit that the facts warrant."

No party has yet filed a motion for disbursement. The Court will set a deadline by which any Defendant must file a motion for disbursement. Any such motions must be filed by June 8, 2026. Any Defendant that does not file a motion by that deadline may forfeit their right to a distribution by the Court.

### IV.   Conclusion

For the foregoing reasons, it is ORDERED that:

---

[2] The Court will also set the just compensation hearing for JKB-26-0294 for this time.

1. A JUST COMPENSATION HEARING is set in for July 9, 2026 at 10:00 a.m. in Courtroom 5A at the Edward A. Garmatz U.S. District Courthouse at 101 W. Lombard St., Baltimore, MD 21201.

2. Any Defendant that plans to attend the Just Compensation Hearing is DIRECTED to notify the Court of that fact by July 7, 2026.

3. Any Defendant that seeks a disbursement is DIRECTED to file an appropriate motion by June 8, 2026. The motion must include the amount they seek to be distributed and any records evidencing the Defendant's entitlement to that distribution.

4. Amtrak is DIRECTED to serve copies of its Motion for Summary Judgment and Other Relief and this Memorandum and Order on all non-appearing Defendants.

DATED this  12  day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

4